LOCKE LORD BISSELL & LIDDELL LLP
John M. Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
Amber L. Harley (SBN: 245060)
aharley@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071-3119
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Defendant
EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as "ETS Services, LLC")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV08-06888 MMM (SSx)

| | |
|---|---|
| LARRY IZENBERG, AMY IZENBERG, and ELAINE FREEDBERG,<br><br>Plaintiff,<br><br>vs.<br><br>ETS SERVICES, LCC, DOE 1, and DOES 2-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT EXECUTIVE TRUSTEE SERVICE, LLC'S NOTICE OF REMOVAL**<br><br>**28 U.S.C. §§ 1441, 1446 & 1331**<br><br>[Superior Court of California, County of Los Angeles – Northwest District, Case No. LC082327]<br><br>Complaint Filed: August 8, 2008 |

///
///
///

1

DEFENDANT'S NOTICE OF REMOVAL

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

Defendant Executive Trustee Services, LLC, incorrectly named as "ETS Services, LLC" ("Defendant") pursuant to 28 U.S.C. §§ 1441, 1446 and 1331 hereby removes this action from the Superior Court of California, County of Los Angeles – Northwest District, to the United States District Court for the Central District of California, Western Division, and states as follows:

## STATEMENT OF THE CASE

1. On August 8, 2008, an action was commenced in the Superior Court of California, County of Los Angeles – Northwest District, styled *Larry Izenberg, et al. v. ETS Services, LCC, et al.*, Case No. LC082327 (the "State Court Action").

2. This Notice of Removal is being filed in accordance with 28 U.S.C. § 1446(b). Plaintiffs Larry Izenberg, Amy Izenberg, and Elaine Freedberg ("Plaintiffs") served Defendant, who is out-of-state, by mail on September 12, 2008. Under California Code of Civil Procedure § 415.40, service is complete on the 10th day following the date of mailing to an out-of-state defendant. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after service is complete. Therefore, Defendant has a total of 40 days from the date of mailing to remove the State Court Action and Removal of this action is timely.

3. The Complaint purports to assert three causes of action, identified and/or generally alleged as follows: (1) unfair debt collection practices; (2) predatory lending practices; and (3) RICO violations.

4. The unfair debt collection practices cause of action asserts the following statutory violations:

    (a) violation of California's Rosenthal Fair Debt Collection Practices Act, including, but not limited to, California Civil Code § 1788(e) and (f);

    (b) violation of the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692 *et seq.*; and

(c) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.

5. The predatory lending practices cause of action asserts the following statutory violations:

(a) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637;

(b) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; and

(c) violation of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58.

6. Finally, the RICO violations cause of action asserts the following statutory violations: 18 U.S.C. §§ 1961 *et seq.*

## JURISDICTION

## FEDERAL QUESTION

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States. The Supreme Court has held that "a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Here, Plaintiffs allege direct violations of the Federal Fair Debt Collections Act, RESPA, HOEPA, TILA, the FTC Act and RICO and seek remedies purportedly pursuant to these federal statutes. (Compl. ¶¶ 20, 23, 26, and at p. 6). Accordingly, the matter turns upon federal questions, and this Court has jurisdiction.

8. Upon information and belief, no other defendants have been named or served and therefore additional consent is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action.")

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

9. Accordingly, all properly served and joined defendants, excluding nominal, unknown, and fraudulently joined parties, have consented to this Notice of Removal.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1441(a) because the United States District Court for the Central District of California, Western Division, is the federal judicial district and division embracing the Superior Court of California for the County of Los Angeles where the State Court Action was originally filed.

11. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action or served on Defendant Executive Trustee Services, LLC is attached hereto as *Exhibit 1*.

## CONCLUSION

By this Notice of Removal and the associated attachments, Defendant does not waive any objections that it may have as to service, jurisdiction or venue, or any other defenses or objections Defendant may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas. Defendant prays that the Action be removed to this Court, that all further proceedings in state court be stayed, and that Defendant receives all additional relief to which Defendant is entitled.

///
///
///
///
///
///
///
///
///

4
DEFENDANT'S NOTICE OF REMOVAL

| | | |
|---|---|---|
| 1 | Dated: October 20, 2008 | Respectfully submitted, |
| 2 | | |
| 3 | | LOCKE LORD BISSELL & LIDDELL LLP |
| 4 | | By: *[signature]* |
| 5 | | John M. Hochhausler |
| 6 | | Nina Huerta |
| 7 | | Amber L. Harley |
| 8 | | Attorneys for Defendant<br>EXECUTIVE TRUSTEE SERVICES, LLC |

LA 610147v.1

**EXHIBIT 1**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ETS Services, LLC, Doe 1, and Does 2 - 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Larry Izenberg, Amy Izenberg, and Elaine Freedberg

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District
AUG 08 2008
LOS ANGELES
SUPERIOR COURT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Northwest District
6230 Sylmar Avenue, Van Nuys, CA 91401

CASE NUMBER: LC082327

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristine Takvoryan (Bar # 242445)           Phone No.:(818) 989-7888
MW Roth, PLC                                 Fax No.:(323) 372-3547
13245 Riverside Drive, Suite 320, Sherman Oaks, CA 91423

DATE: AUG 08 2008 JOHN A. CLARKE    Clerk, by  G. F. Molina , Deputy
*(Fecha)*                            *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

Exhibit 1, Pg. 6

Mitchell W. Roth, SBN 77962
Kristine T. Takvoryan, SBN 242445
M.W. ROTH, P.L.C.
13245 Riverside Drive, Suite 320
Sherman Oaks, CA 91423
Telephone: (818) 989-7888
Fax: (323) 372-3547

Attorney for Plaintiff

**ORIGINAL FILED**
Northwest District
AUG 08 2008
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NORTHWEST DISTRICT

LC082327 BY FAX

| | |
|---|---|
| LARRY IZENBERG, AMY IZENBERG AND ELAINE FREEDBERG <br><br> Plaintiff, <br><br> vs. <br><br> ETS SERVICES, LLC, DOE 1, and DOES 2 – 50, inclusive, <br><br> Defendants. | Case No.: <br><br> COMPLAINT <br><br> [Unlimited Jurisdiction Case] |

### AS TO ALL CAUSES OF ACTION

1. Plaintiff, LARRY IZENBERG, AMY IZENBERG AND ELAINE FREEDBERG, is a natural person.

2. Defendant, ETS SERVICES, LLC, is a business entity, the form unknown to Plaintiff, that is the Trustee named in Exhibit 1, and Defendant, DOE 1, is the natural person or entity that has directed and is directing said Trustee to proceed under a power of sale to foreclose.

3. Attached to the complaint as Exhibit 1 is a certain Notice of Sale, which has been issued by Defendant, ETS SERVICES, LLC at the instance of Defendant, DOE 1.

4. Does 1 – 50 persons or entities that are unknown to Plaintiff. Their capacities are unknown.

-1-
**COMPLAINT**

Exhibit 1, Pg. 7

Plaintiff alleges that they are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendants, ETS SERVICES, LLC, DOE 1, and Does 2 – 50 are proceeding toward a Trustee's sale of the real property commonly known as 20236 Clark Street, Woodland Hills, CA 91367-0000, the same property identified in Exhibit 1, ostensibly to collect the unpaid balance on the note secured by the security instrument that is identified in Exhibit 1.

6. Plaintiff is the owner in fee of the real property identified as 20236 Clark Street, Woodland Hills, CA 91367-0000.

7. Upon information and belief, DOE 1 is not the holder of the note identified in the security instrument that is identified in Exhibit 1, is not in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the security instrument identified in Exhibit 1.

8. DOE 1 has no present right to initiate foreclosure under the security instrument identified in the Notice of Sale attached as Exhibit 1, nor does it have the right to direct the ETS SERVICES, LLC to foreclose and sell the subject real property owned by Plaintiff. ETS SERVICES, LLC has been put on notice of Plaintiff's claim in this regard and demand has been made of ETS SERVICES, LLC to suspend any foreclosure sale unless and until it has obtained proof that DOE 1 actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by ETS SERVICES, LLC. ETS SERVICES, LLC has failed and refused to suspend the sale of the property or to provide proof of the basis of the right of DOE 1 to initiate foreclosure under the security instrument referred to in Exhibit 1.

9. Plaintiff alleges that the Defendants and each of them, in so acting in this case and with respect to many other mortgage or trust deed security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so, knowing that the property owners affected do not have the

-2-

**COMPLAINT**

Exhibit _1_, Pg. _8_

knowledge and means to contest the right of said Defendants to do so.

10. Plaintiff, through Plaintiff's attorney demanded proof of the Defendants' and each of them of their right to proceed in foreclosure in writing. No such proof or its equivalent has been offered.

11. Plaintiff, through Plaintiff's attorney demanded further a detailed accounting of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that Plaintiff could adequately evaluate Plaintiffs rights under the law with Plaintiff's presale right of redemption. See Exhibit 2, incorporated herein by reference. The response, if any, of Defendants, and each of them, has been so inadequate so as to prevent Plaintiffs from determining whether any or all of the charges included in their payoff demand were justified, appropriate and proper under the terms of obligation evidenced by the negotiable instrument secured by the security instrument identified in Exhibit 1.

12. The real property owned by Plaintiff that is identified in Exhibit 1 is unique. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy in law when Defendants proceed to sell the subject property at foreclosure sale.

13. In all of the wrongful acts alleged in this complaint, the Defendants and each of them have utilized the United States mail in furtherance of their conspiracy to both unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and, assuming *arguendo* that they do have the right to proceed to foreclose under the note, to profit from those actions in amounts greater than their rights under the note to do so.

14. Defendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity.

15. As a result thereof, Plaintiff has been damaged in having to hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property, and has had to and will have to incur attorneys fees to stop the wrongful acts of the Defendants and each of them. Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

16. In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument that is indentified in Exhibit 1 to this Complaint.

17. The true facts were that they were not in possession of the note and either holders of the note or non-holders of the note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3-301, 3-309, and therefore they were proceeding to foreclose non-judicially without right under the law. Further, they added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

18. The Defendants and each of them, misrepresented the facts intending to either force Plaintiff to pay large sums of money to Defendants and each of them to which they were not entitled under the law, or to abandon Plaintiffs property to foreclosure sale.

## SECOND CAUSE OF ACTION

## UNFAIR DEBT COLLECTION PRACTICES

19. Plaintiff realleges paragraphs 1 – 18 as if fully set forth herein.

20. Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in the taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788 (e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 *et seq*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## THIRD CAUSE OF ACTION

## PREDATORY LENDING PRACTICES

21. Plaintiff realleges paragraphs 1 – 20 as if fully set forth herein.

22. Assuming *arguendo* that Defendant, DOE 1 does have the right under the law of negotiable instruments in this State, by endorsement, assignment, agency or otherwise, to receive payment under a valid note, payment of which is secured by the security instrument that is identified in Exhibit 1, and to initiate foreclosure under a power of sale contained therein, if any, then Defendant, DOE 1 is subject to defenses that would have been available against Mortgageit, the initial Lender

-4-

COMPLAINT

identified in the security instrument that is referred to in Exhibit 1.

23. Plaintiff is informed and believes and thereupon alleges that Mortgageit has engaged in deceptive practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

24. One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

## FOURTH CAUSE OF ACTION

## RICO

25. Plaintiff realleges paragraphs 1 – 24 as if fully set forth hereat.

26. In doing the aforesaid acts, Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in RICO, 18 U.S.C §§ 1961 *et seq.*

27. Plaintiff is therefore entitled to the remedies available under RICO in civil actions.

WHEREFORE, Plaintiff prays that:

1. Defendants, ETS SERVICES, LLC, DOE 1, and Does 2 - 50 and each of them, be prohibited from conducting any sale of the subject real property pending the outcome of this case;

2. Defendants, ETS SERVICES, LLC, DOE 1, and Does 2 – 50, and each of them, be permanently enjoined from any and all attempts to foreclose on the subject real property unless and until it can present proof that it is entitled, under the law of negotiable instruments in force in Ca, to enforce the underlying promissory note described in the security instrument that is indentified in Exhibit 1;

3. That Plaintiff be awarded monetary damages against the Defendants, ETS SERVICES, LLC, DOE 1, and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof,

4. That Plaintiff be awarded statutory damages for Unfair Debt Collection practices

-5-

**COMPLAINT**

Exhibit 1, Pg. 11

under the federal and California statutes;

     5.       That attorneys fees be awarded Plaintiff as may be permitted by law;

     6.       That Plaintiff be awarded treble damages as permitted by law;

     7.       That prejudgment interest be awarded Plaintiff as permitted by law;

     8.       For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Dated: August 8, 2008

_____
Kristine Takvoryan, Attorney for Plaintiff

-6-

**COMPLAINT**

```
                                                                                                                      CM-010
ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):              FOR COURT USE ONLY
 Kristine Takvoryan (State Bar # 242445)
 MW Roth, PLC
 13245 Riverside Drive, Suite 320, Sherman Oaks, CA 91423
       TELEPHONE NO.: (818) 989-7888      FAX NO.: (323) 372-3547                   ORIGINAL FILED
  ATTORNEY FOR (Name): Larry Izenberg, Amy Izenberg, and Elaine Freedberg, Plaintiff Northwest District
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
       STREET ADDRESS: 6230 Sylmar Avenue
       MAILING ADDRESS: Same As Above.                                                   AUG 08 2008
       CITY AND ZIP CODE: Van Nuys 91401
           BRANCH NAME: Northwest                                                    LOS ANGELES
CASE NAME:                                                                          SUPERIOR COURT
Larry Izenberg, Amy Izenberg, and Elaine Freedberg vs. BTS Services, LLC, Doe 1, and Does 2 - 50, inclusive
```

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | LC082327<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
|  | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) |  |
| Non-PI/PD/WD (Other) Tort | [X] Other real property (26) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Writ of mandate (02) |  |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) |  |
| [ ] Other employment (15) |  |  |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties                d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel          e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence                    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 8, 2008
          Kristine Takvoryan                                          ▶ /s/ Takvoryan Kristine
          (TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                CIVIL CASE COVER SHEET         Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                                  Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                                          www.courtinfo.ca.gov
                                                                              LexisNexis® Automated California Judicial Council Forms

Exhibit 1, Pg. 13

| SHORT TITLE: Larry Izenberg, Amy Izenberg, and Elaine Freedberg vs. ET3 Services, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

**BY FAX**

LACIV 109 (Rev. 01/07)        CIVIL CASE COVER SHEET ADDENDUM        LASC, rule 2.0
LASC Approved 03-04            AND STATEMENT OF LOCATION             Page 1 of 4

*LexisNexis® Automated California County Forms*

Exhibit 1, Pg. 14

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

| | CASE NUMBER | ORIGINAL FILED |
|---|---|---|
| PLAINTIFF(S)/PETITIONER(S) | LC082327 | Northwest District<br>AUG 08 2008<br>LOS ANGELES<br>SUPERIOR COURT |
| | NOTICE OF<br>CASE ASSIGNMENT | |
| DEFENDANT(S)/RESPONDENT(S) | | |

TO THE PLAINTIFF(S) AND THE ATTORNEY OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE ABOVE MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES, INCLUDING TRIAL, TO **JUDGE MICHAEL HARWIN**, PRESIDING IN **DEPARTMENT NW-M**, IN THE SUPERIOR COURT, LOCATED AT **6230 SYLMAR AVENUE, VAN NUYS, CA 91401**

_____
Hon. Patricia Schnegg, Supervising Judge

## CERTIFICATE OF SERVICE

[✓] I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy to the designated representative/attorney service at the time of filing of the original complaint.

[ ] I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy in person this date to counsel for plaintiff or plaintiff in pro per.

[ ] I am not a party to the within action, and I certify that I served a true copy of the above notice to the plaintiff or his attorney of record by depositing in the United States mail at the courthouse in ___Van Nuys___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

[         ]        [         ]        [         ]

[         ]        [         ]        [         ]

A CORPORATION MUST BE
REPRESENTED BY A LICENSED
CALIFORNIA ATTORNEY

Date:_____

JOHN A. CLARKE, Executive Officer/Clerk
of the Superior Court, County of Los Angeles

By: _____, Deputy
Zonia C. Pedraza

| SUPERIOR COURT OF CALIFORNIA | ORIGINAL FILED |
| --- | --- |
| COUNTY OF LOS ANGELES | Northwest District |
| | AUG 0 8 2008 |
| COURTHOUSE ADDRESS: NORTHWEST DISTRICT SUPERIOR COURT 6230 SYLMAR AVENUE, ROOM 107 VAN NUYS, CA 91401 | LOS ANGELES SUPERIOR COURT |
| PLAINTIFF: | |
| DEFENDANT: | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: LC082327 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing to all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 1-5-09  Time: 8:30 A.M.  Dept: NW "M"  Room: 600

A completed Case Management Statement must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record pursuant to CRC 212.

You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference the Court may make pretrial orders including the following: an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et. seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions (including dismissal of the case, striking of the answer and payment of money), pursuant to LASC Local Rules Chapter 7, CCP Sections 177.5, 583.150, 586.360 and 583.420 and GC Section 68608 (b).

Date: _____

John A. Clarke, Executive Officer/Clerk

by _____ Deputy Clerk
Zonia C. Pedraza

CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in ___Van Nuys___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

⌈                    ⌉    ⌈                    ⌉

⌊                    ⌋    ⌊                    ⌋

John A. Clarke, Executive Officer/Clerk

Date: _____

by _____ Deputy Clerk.
Zonia C. Pedraza

CIV    NOTICE OF CASE MANAGEMENT CONFERENCE    CRC 212, LOCAL RULE 7

Exhibit 1, Pg. 16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

```
CV08- 6888 MMM (SSx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY